SLIP OPINION

Cite as 2016 Ark. 28

# SUPREME COURT OF ARKANSAS.

No. CR–15–727

| | |
|---|---|
| WESLEY ELISHA GRISSOM<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 28, 2016<br><br>APPELLEE'S MOTION TO DISMISS APPEAL AND MOTION FOR EXTENSION OF TIME IN EVENT COURT DENIES MOTION TO DISMISS APPEAL<br>[GARLAND COUNTY CIRCUIT COURT, NO. 26CR–06–611]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>MOTION TO DISMISS APPEAL GRANTED; MOTION FOR EXTENSION OF TIME MOOT. |

**PER CURIAM**

On September 18, 2008, judgment was entered reflecting that appellant Wesley Elisha Grissom had entered a plea of guilty to sexual assault in the first degree. He was sentenced to 660 months' imprisonment.

On July 15, 2015, Grissom filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2008). On August 6, 2015, the trial court determined that it did not have jurisdiction to consider the merits of the petition because it was not timely filed. On August 19, 2015, Grissom lodged an appeal in this court from the order.

Now before us are the appellee State's motion requesting that the appeal be dismissed and the State's motion requesting an extension of brief time if this court denies the motion

to dismiss the appeal. We grant the State's motion to dismiss the appeal because, pursuant to Rule 37.2(c)(i), Grissom's petition was not timely filed. The motion for an extension of brief time is moot.

When a petitioner seeking postconviction relief entered a plea of guilty, a petition under Rule 37.1 must be filed within ninety days of the date that the judgment was entered-of-record. Ark. R. Crim. P. 37.2(c)(i). The petition that Grissom filed on July 15, 2015, was filed almost seven years after the judgment in his case had been entered of record in 2008; accordingly, the trial court was correct to deny relief.

Motion to dismiss appeal granted; motion for extension of brief time moot.